IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ROBERT C. CAPEN | : |
| | : |
| v. | : |
| | : |
| SELECTIVE INSURANCE COMPANY | : No: 08-CV-00089 |
| OF SOUTH CAROLINA and SELECTIVE | : |
| INSURANCE COMPANY OF AMERICA | : |

---

**NOTICE TO PLEAD**

**To: Plaintiff:**

You are hereby notified to file a written response to the enclosed pleading within twenty (20) days from service hereof or a judgment may be entered against you.

DONNELLY & ASSOCIATES, P.C.

By:   /s/Andrew G. Cassidy
      ANDREW G. CASSIDY, ESQUIRE
      Attorney for Defendants
      DONNELLY & ASSOCIATES, P.C.
      One West First Avenue, Suite 450
      Conshohocken, PA 19428
      610-828-2300
      610-828-8340 (FAX)
      Attorney I.D. No. 81259
      Signature Code:  AGC4582
      Acassidy@donnellyandassociates.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ROBERT C. CAPEN | : |
| | : |
| v. | : |
| | : |
| SELECTIVE INSURANCE COMPANY | : No: 08-CV-00089 |
| OF SOUTH CAROLINA and SELECTIVE | : |
| INSURANCE COMPANY OF AMERICA | : |

---

### DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Selective Insurance Company of South Carolina and Selective Insurance Company of America (hereinafter collectively referred to as "Selective"), by and through their counsel, Donnelly & Associates, P.C., hereby respond to Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demands strict proof at trial.

2. Admitted.

3. Admitted.

4. Admitted.

5. It is admitted that Plaintiff was involved in an automobile collision in the State of Maryland. The remaining averments in this paragraph are denied.

6. It is admitted that Plaintiff was involved in an automobile collision in the State of Maryland. The remaining averments in this paragraph are denied.

7.  It is admitted that Plaintiff was involved in an automobile collision in the State of Maryland.  The remaining averments in this paragraph are denied.

8.  It is admitted that Plaintiff was involved in an automobile collision in the State of Maryland.  The remaining averments in this paragraph are denied.

9.  Denied as stated.  Although Selective never contested that the Plaintiff was negligent, Selective was still required to investigate which party's negligence caused the accident.

10.  Denied.

11.  Admitted.

12.  Denied.

13.  Admitted in part; denied in part.  It is admitted that on or about July 22, 2005, Plaintiff requested consent to settle from Defendants.  The remaining averments contained in this paragraph are denied.  Specifically, Plaintiff's July 22, 2005 letter never mentions any UIM claim.

14.  Denied.  All of the documents referenced in paragraph 14, being a writing, speak for themselves.  Any characterization thereof is denied.

15.  Admitted.

16.  Denied.  It is denied that Defendants engaged in an intentional, reckless, frivolous and unfounded course of conduct to unreasonably deny and/or delay Plaintiff's UIM claim or acted in bad faith under 42 Pa.C.S.A. § 8371.  On the contrary, Defendants acted reasonably at all relevant times.

17. Denied as stated. It is specifically denied that Selective ever denied Plaintiff's UIM claim. It is admitted that the issue of whether Pennsylvania law or Maryland law applied needed to be investigated by Selective and was investigated by Selective.

18. Admitted. It is admitted that Defendants never denied Plaintiffs' UIM.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied. On the contrary, Defendants did evaluate and settle Plaintiff's UIM claim.

24. Denied. Any letter, being a writing, speaks for itself. Any characterization thereof is denied.

25. Denied.

26. Denied. Any letter, being a writing, speaks for itself. Any characterization thereof is denied.

27. Denied.

28. Denied. Any letter, being a writing, speaks for itself. Any characterization thereof is denied.

29. Admitted.

30. Denied. Any check and any release are writings which speak for themselves. Any characterization thereof is denied.

31. Denied.

32. Admitted in part; denied in part. It is admitted that Plaintiff's attorney returned the Release and Trust Agreement and settlement check to Defendants. The remaining averments contained in this paragraph are denied.

33. Denied. Any letter, being a writing, speaks for itself. Any characterization thereof is denied.

34. Denied.

35. Denied. Any letter, being a writing, speaks for itself. Any characterization thereof is denied.

36. Denied.

37. Denied. Any letter, being a writing, speaks for itself. Any characterization thereof is denied.

38. Denied.

## COUNT I

## BAD FAITH LIABILITY – 42 Pa.C.S.A. § 8371

39. Defendants, Selective Insurance Company of South Carolina and Selective Insurance Company of America, incorporate by reference all previous paragraphs as though fully set forth herein at length.

40. (a-x.) Denied. It is specifically denied that Selective acted in bad faith. On the contrary, Selective acted reasonably at all times.

41. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required in accordance with the applicable Pennsylvania Rules of Civil

Procedure. By way of further answer, Selective has satisfied all of its obligations to the Plaintiff under the applicable insurance policy.

42. Denied. By way of further answer, compensatory damages are not recoverable under the Bad Faith Statute.

WHEREFORE, Defendants, Selective Insurance Company of South Carolina and Selective Insurance Company of America, respectfully demand judgment in their favor and against Plaintiff and that Plaintiff's Complaint be dismissed with prejudice.

## COUNT II

## BREACH OF CONTRACT

43. Defendants, Selective Insurance Company of South Carolina and Selective Insurance Company of America, incorporate by reference all previous paragraphs as though fully set forth herein at length.

44. Denied.

45. Denied.

46. Denied. On the contrary, Defendant acted reasonably and in accordance with the insurance policy at all times.

47. Denied. On the contrary, Defendant acted reasonably and in accordance with the insurance policy at all times.

48. Denied. It is specifically denied that Defendant breached any duty under the insurance policy or Pennsylvania law.

WHEREFORE, Defendants, Selective Insurance Company of South Carolina and Selective Insurance Company of America, respectfully demand judgment in their favor and against Plaintiff and that Plaintiff's Complaint be dismissed with prejudice.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims my be barred and/or limited by the applicable limitation under law and/or the policy of insurance.

### THIRD AFFIRMATIVE DEFENSE

A determination of bad faith and/or an award of extra-contractual damages is not warranted in this matter because Defendant's actions at all times material hereto were made with a reasonable basis.

### FOURTH AFFIRMATIVE DEFENSE

Any award of punitive damages as requested in Plaintiff's Complaint would be unconstitutional under the circumstances and barred by the applicable provisions of the United States and/or Pennsylvania Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Doctrines of Waiver and Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Doctrine of Comparative Good Faith.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in party by the Doctrine of Reverse Bad Faith.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in party by the Statute of Limitations.

**NINTH AFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the Doctrine of Accord and Satisfaction.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the Doctrine of Laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Answering Defendants hereby raise and assert all applicable defenses contained in F.R.C.P. 12(b).

                DONNELLY & ASSOCIATES, P.C.

                By:   /s/Andrew G. Cassidy
                      ANDREW G. CASSIDY, ESQUIRE
                      Attorney for Defendants
                      DONNELLY & ASSOCIATES, P.C.
                      One West First Avenue, Suite 450
                      Conshohocken, PA 19428
                      610-828-2300
                      610-828-8340 (FAX)
                      Attorney I.D. No. 81259
                      Signature Code:  AGC4582
                      Acassidy@donnellyandassociates.com

## VERIFICATION

I, ANDREW G. CASSIDY, ESQUIRE, attorney for Defendants in the within action, hereby state that the facts set forth in the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

By:   /s/Andrew G. Cassidy
     ANDREW G. CASSIDY, ESQUIRE
     Signature Code: AGC4582

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ROBERT C. CAPEN | : |
| | : |
| v. | : |
| | : |
| SELECTIVE INSURANCE COMPANY | : No: 08-CV-00089 |
| OF SOUTH CAROLINA and SELECTIVE | : |
| INSURANCE COMPANY OF AMERICA | : |

---

**CERTIFICATE OF SERVICE**

I, ANDREW G. CASSIDY, ESQUIRE, attorney for Defendants, hereby certifies that a true and correct copy of the Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses was filed electronically on February 26, 2008. I further certify that all counsel of record are listed on the Court's Electronic Mail Notice List as a recipient for e-mail notification of electronic filings for this case.

DONNELLY & ASSOCIATES, P.C.

By:   /s/Andrew G. Cassidy
ANDREW G. CASSIDY, ESQUIRE
Attorney for Defendants
DONNELLY & ASSOCIATES, P.C.
One West First Avenue, Suite 450
Conshohocken, PA 19428
610-828-2300
610-828-8340 (FAX)
Attorney I.D. No. 81259
Signature Code:  AGC4582
Acassidy@donnellyandassociates.com